# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00312-CV

**Delta Air Lines, Inc., Appellant**

**v.**

**Susan Combs, Comptroller of Public Accounts of the State of Texas;
and Greg Abbott, Attorney General of the State of Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-04-000439, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## O P I N I O N

This is a suit for a tax refund. Appellant Delta Air Lines, Inc. filed suit against appellees Susan Combs, the Texas Comptroller of Public Accounts, and Greg Abbott, the Attorney General of Texas, for a refund of sales tax paid on purchases of janitorial and maintenance services. The district court entered a take nothing judgment against Delta. Delta asserts that its purchases are exempt from taxation as "sales for resale." *See* Tex. Tax Code Ann. § 151.302(a) (West 2008). We affirm the judgment of the district court.

*Background*

Delta conducts airline operations at the Dallas/Fort Worth International Airport and Houston's George Bush Intercontinental Airport. To occupy terminal space at those locations, Delta entered into lease agreements with the Dallas/Fort Worth International Airport Board and the

City of Houston (collectively, the "Airports"). Under each agreement, Delta agreed to be responsible for janitorial and maintenance services on the occupied premises.

Delta contracted with four companies for the janitorial and maintenance services required under its agreements with the Airports. Delta paid sales tax on these transactions for the period of February 1, 1993, through December 31, 1996.

Delta filed a claim with the Comptroller for a refund of the sales tax paid on the amounts paid to the janitorial and maintenance service companies. The Comptroller denied Delta's claim. After exhausting its administrative remedies, Delta filed suit in district court on February 13, 2004, challenging the denial of its refund claim. *See id.* § 112.151 (West 2008). The parties filed competing motions for summary judgment. On May 8, 2008, the district court granted the Comptroller's motion for summary judgment, denied Delta's motion for summary judgment, and entered a take nothing judgment in favor of the Comptroller. Delta appeals.

*Analysis*

We review the district court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under the "traditional" standard, a summary judgment should be granted only when the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). When, as here, both parties file motions for summary judgment and the court grants one and denies the other, we must decide all questions presented and render the judgment that the trial court should have rendered. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

We must affirm the summary judgment if any ground presented to the district court by the Comptroller is meritorious. *Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no pet.).

Statutory exemptions from taxation are strictly construed because "they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally." *North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). Consequently, the burden of proof for showing that the exemption applies is on the claimant. *See id.* The exemption must affirmatively appear in the statutory language, and all doubts are resolved in favor of the taxing authority and against the claimant. *See Bullock v. National Bancshares Corp.*, 584 S.W.2d 268, 272 (Tex. 1979).

There is no dispute that the janitorial and maintenance services at issue are "real property services," *see* Tex. Tax Code Ann. § 151.0048(a)(4) (West 2008), which are "taxable services," *see id.* § 151.0101(a)(11) (West 2008), and subject to sales tax, *see id.* §§ 151.010, .051(a) (West 2008).

However, Delta contends that its purchases of such services fall within the "sale for resale" tax exemption. The sale for resale of a taxable item is exempted from sales tax. *See id.* § 151.302(a). A sale for resale includes:

> a sale of . . . a taxable service to a purchaser who acquires the . . . service for the purpose of reselling it . . . in the normal course of business in the form or condition in which it is acquired or as an attachment to or integral part of other tangible personal property or taxable service.

*Id.* § 151.006(a)(1) (West 2008). Delta argues that, in accordance with its agreements with the Airports, its purchases of janitorial and maintenance services are for the purpose of reselling those services to the Airports in the normal course of its business.

We disagree. Delta does not purchase the janitorial and maintenance services for the purpose of resale. Delta purchases the services for the purpose of fulfilling its obligations under its agreements with the Airports. These agreements require Delta to keep the leased premises in a clean, orderly, and operable condition. Based on the terms of the agreements, we cannot conclude that Delta's fulfilling such obligation constitutes the performance of a taxable janitorial or maintenance service for the Airports and, therefore, constitutes a sale to the Airports. *See id.* § 151.005(3) (West 2008) (defining "sale" to include "the performance of a taxable service"). The Airports are not purchasing or acquiring janitorial, maintenance, or any related services from Delta. They are simply leasing real property to Delta with the requirement that Delta maintain the space it is leasing. Delta can do this however it wants within the parameters of its agreements with the Airports. Delta's decision to purchase janitorial and maintenance services from a third party provider—rather than performing the services itself—does not transform its obligation under the agreements with the Airports into a sale of janitorial and maintenance services to the Airports. Such purchases are Delta's chosen means of accomplishing its contractual obligations under its lease agreements. The Airports lease terminal space to Delta. In connection with this transaction, the agreements establish that Delta is the party responsible to ensure that those janitorial and maintenance services that are required to keep the leased premises clean, orderly, and operable are, in fact, performed. This is not a sale of janitorial and maintenance services to the Airports, and

4

therefore, Delta's purchase of janitorial and maintenance services under these circumstances is not a sale for resale.

We affirm the judgment of the district court.


_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   August 3, 2010